UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ARROYO,<br><br>  Plaintiff,<br><br>  v.<br><br>CLUB DONATELLO OWNERS ASSOCIATION,<br><br>  Defendant. | Case No. 21-cv-00998-DMR<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

Plaintiff Rafael Arroyo is an individual with a disability. He filed this case alleging that Defendant Club Donatello Owners Association ("Club Donatello") violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and California's Unruh Civil Rights Act, California Civil Code section 51. Club Arroyo now moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Arroyo's amended complaint. [Docket No. 16.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, Club Donatello's motion is denied.

I.   **BACKGROUND**

Arroyo is a paraplegic who uses a wheelchair for mobility. [Docket No. 13 (Am. Compl.) ¶ 1.] Club Donatello is a non-profit corporation that "owns and operates The Donatello," which is located at 501 Post Street in San Francisco, California. *Id.* at ¶ 2.

Arroyo alleges that he planned on making a trip to San Francisco in June 2021 and "chose The Donatello." *Id.* at ¶ 13. On January 15, 2021, Arroyo "went to The Donatello reservation website at https://www.shellhospitality.com/hotels/the-donatello seeking to book an accessible room at the location." *Id.* at ¶ 16. He alleges that "[t]his is the hotel's website and it is owned and operated by [Club Donatello], or run by a third party on behalf of [Club Donatello] and supplied

with information from [Club Donatello], and it permits guests to book rooms at hotel [sic]." *Id*. at ¶ 17. He alleges that the website provided "conflicting and confusing information" and that he "could not determine if the hotel or any of its guestroom [sic] worked for him." For example, "the hotel provides zero information about the accessibility of its entrances, registration desk, paths of travel, restaurant, elevator, or pool," and does not provide any information about accessible features "for the hotel itself (outside of guestrooms)." *Id*. at ¶¶ 18, 19. Additionally, "[t]he hotel claims to have an 'accessible' roll in shower room" but "details and photos . . . demonstrate inaccessible conditions." *Id*. at ¶¶ 22-23.

Based on photos and "the actual measurements and descriptions provided by the hotel," Arroyo alleges that there are several physical barriers "at this hotel in violation of the ADA," including an inaccessible pool and inaccessible tables and dining surfaces in common areas, as week as barriers in the "accessible guestroom." *Id*. at ¶ 25. Arroyo alleges that he "would like to patronize this hotel but is deterred from doing so because of the inaccessibility of the hotel and the lack of information on the hotel's website." *Id*. at ¶ 26.

Arroyo filed the original complaint on February 9, 2021. He filed the amended complaint on April 10, 2021 in which he alleges two claims for relief: 1) violations of the ADA based on a) Club Donatello's "reservation policies and procedures," which he alleges fail to identify and describe "accessible features in the hotels and guest rooms in enough detail" (the "reservation claim") and b) Club Donatello's failure to provide accessible facilities, *id*. at ¶¶ 36, 37; and 2) violation of the Unruh Civil Rights Act based on the alleged ADA violations. *Id*. at ¶¶ 3, 4.

Club Donatello now moves pursuant to Rule 12(b)(1) to dismiss the amended complaint for lack of standing.[1]

## II. REQUESTS FOR JUDICIAL NOTICE

### A. Club Donatello's Request for Judicial Notice

Club Donatello asks the court to take judicial notice of three documents: 1) an undated

---

[1] Club Donatello references Rule 12(b)(6) in an introductory page but does not discuss the standards applicable to the rule or explain how dismissal is appropriate under that rule in its motion. [Docket No. 16 at ECF p. 2.] The reference to Rule 12(b)(6) thus appears to be a typographical error.

2

printout of the WHOIS domain registration results for https://www.shellhospitality.com/hotels/the-donatello that lists a third party, Shell Vacations, LLC as the "registrant contact" and "administrative contact" for the website; 2) an undated printout from the Illinois Secretary of State's website for Shell Vacations, LLC that reflects the entity's "active" status; and 3) an undated page from the California Secretary of State's website for Club Donatello Owners Association that appears to show that it is an active "domestic nonprofit" located at 501 Post Street, San Francisco, California. [Docket No. 16-2 (Def.'s RJN).]

Federal Rule of Evidence 201 permits a court to take judicial notice of adjudicative facts. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

The court declines to take judicial notice of the documents attached to Club Donatello's RJN. As an initial matter, none of the documents are dated and defense counsel's declaration does not properly authenticate them by explaining how and when counsel obtained them. [*See* Docket No. 16-2 at ECF pp. 1-2 (Stillman Decl., Apr. 26, 2021).] Moreover, Club Donatello does not show how any of these documents satisfy the requirements of Rule 201. In support of its RJN, it cites only to a district court decision granting judicial notice of "documents publicly filed with, and available through, the websites maintained by the Wyoming and Georgia Secretaries of State." Mot. 2 n.1 (citing *Thomas Land & Dev., LLC v. Vratsinas Constr. Co.*, No. 18-CV-1896-AJB-NLS, 2020 WL 3791676, at *3 (S.D. Cal. July 7, 2020)). The fact that another court took judicial notice of documents available on similar websites does not establish that the documents submitted here are appropriate for judicial notice. Club Donatello also offers no authority to support taking judicial notice of WHOIS domain registration results.

**B.     Arroyo's Request for Judicial Notice**

Arroyo asks the court to take judicial notice of four pages from "the defendant's own website pages found at https://www.clubdonatello.org/gallery.html and https://www.clubdonatello.org/non-owners--rentals/html. [Docket No. 19 (Pl.'s RJN).] As the

court does not rely on this document in deciding this motion, the request is denied as moot.[2]

### III. LEGAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). The challenging party may make a facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," and "[t]he court need not presume the truthfulness of the plaintiff's allegations" in deciding a factual attack. *Id.* "The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met. With one caveat, if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Leite*, 749 F.3d at 1121-22 (internal citations omitted).

The question of standing is "an essential and unchanging part of the case-or-controversy

---

[2] The court notes that Plaintiff's counsel did not properly authenticate the printouts attached to his RJN.

4

requirement of Article III [of the U.S. Constitution]." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Because standing is a jurisdictional issue, it is properly addressed under a Rule 12(b)(1) motion. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). To satisfy Article III's standing requirements, a plaintiff must show "(1) [they have] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

## IV.  DISCUSSION

Club Donatello's motion presents a factual attack on Arroyo's jurisdictional allegations. Mot. 4. It argues that Arroyo lacks standing to bring his claims because he "has sued the wrong defendant." Mot. 1. According to Club Donatello, the website at issue, https://www.shellhospitality.com/hotels/the-donatello, "is owned and operated by Shell Hospitality, and refers to the 'Donatello Hotel,' a Wyndham property." *Id*. By contrast, Club Donatello "is a managed time-share property in the same building that has no relationship whatsoever with the Wyndham hotel property." *Id*. Therefore, Defendant argues, since "Club Donatello has nothing to do with the Donatello Hotel, the hotel property that Arroyo purportedly 'chose' to stay at," Arroyo "lacks standing" to sue Club Donatello, since he cannot show any "injury in fact" that is traceable to Club Donatello, as opposed to some other party. *See id*. at 1, 4.

To support its factual assertions, Club Donatello cites the exhibits attached to its RJN. As discussed above, Club Donatello has not established that the exhibits are judicially noticeable. It also cites the declaration of an individual named Marie Vergara. Mot. 2. However, Club Donatello did not file Vergara's declaration with its motion.[3] Accordingly, the court cannot consider Club Donatello's descriptions of Vergara's statements. Given Club Donatello's failure to support its factual attack on jurisdiction with extrinsic evidence, its motion to dismiss is ultimately

---

[3] Club Donatello later filed Vergara's declaration on May 10, 2021, after Arroyo filed his opposition in which he pointed out that the declaration was not part of the record. Opp'n 1; Docket No. 20 (Vergara Decl., Apr. 26, 2021).

1 based on argument alone and must be denied.

2 Even if Club Donatello had submitted evidence with its motion, resolution of the jurisdictional question on a 12(b)(1) motion would be inappropriate. "A court may, in certain instances, decide genuinely disputed factual issues relating to jurisdiction prior to trial." *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983). However, the Ninth Circuit has held that a "jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Safe Air*, 373 F.3d at 1039 (alteration omitted) (quoting *Sun Valley*, 711 F.2d at 139). "Normally, the question of jurisdiction and the merits of an action will be considered intertwined where . . . a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Sun Valley*, 711 F.2d at 139.

Here, Arroyo claims federal subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a), which is the jurisdictional provision of the ADA. Am. Compl. ¶ 4. The amended complaint includes the allegation that the reservation website is either "owned and operated" by Club Donatello "or run by a third party" on Club Donatello's behalf "and supplied with information from" Club Donatello. Am. Compl. ¶ 17. While not a model of clarity, the amended complaint appears to allege that individuals may book rooms at Club Donatello via the reservation website at issue. Arroyo's ability to allege an injury in fact traceable to Club Donatello's conduct turns on the merits of whether Club Donatello may be liable under the ADA for the information that appears on https://www.shellhospitality.com/hotels/the-donatello. Since the jurisdictional facts at issue—Club Donatello's connection to and responsibility for information on the reservation website—are intertwined with the merits of the reservation claim, resolution of the dispute is not appropriate on a Rule 12(b)(1) motion. *See, e.g., Safe Air*, 373 F.3d at 1040.[4]

---

[4] In its reply, Club Donatello argues that Arroyo has not plausibly alleged deterrence. Reply 4. The court declines to consider arguments raised for the first time on reply.

## V. CONCLUSION

For the foregoing reasons, Club Donatello's motion to dismiss is denied. The parties shall conduct a joint site inspection within 30 days of the date of this Order and shall otherwise comply with the deadlines set in the Scheduling Order for Cases Asserting Denial of Right of Access Under Americans With Disabilities Act Title II & II.  [*See* Docket No. 6.]

**IT IS SO ORDERED.**

Dated: December 13, 2021



Donna M. Ryu
United States Magistrate Judge